## J. J. Fuller, Appellee, v. Maryland Insurance Company, Appellant.

Opinion filed July 26, 1929.

W. Joe Hill and S. D. Wise, for appellant.

D. F. Rumsey and K. C. Ronalds, for appellee.

Mr. Justice Newhall delivered the opinion of the court.

This is an action of assumpsit on an insurance policy, covering fire and theft of an automobile, by appellee against appellant for loss alleged to have been sustained by the appellee for a theft of his automobile on January 26, 1926, and during the term of the insurance policy.

The declaration set out the policy *in haec verba* and alleged that the plaintiff has complied with all of the

conditions and provisions of the policy. General issue was filed and special pleas alleging that proof of loss was not made as required by the policy; that the property insured had become incumbered by a chattel mortgage to one Isaac Mills. Appellee filed special replications to the special pleas alleging that he' had made proof of loss as required by the policy and that the property insured was not incumbered by a legal and valid mortgage as set out in appellant's special pleas.

The policy provided that it should be void if the assured has' concealed or misrepresented any material fact or circumstances concerning the insurance or the subject thereof; or in case of any fraud, attempted fraud or false swearing by the assured touching any matters relating to the insurance, whether before or after a loss. The policy further recited that the same should be void if the interest of the assured be other than unconditional and sole ownership; or in case of any change in the nature of the insurable interest of the assured in the property described by sale or otherwise; or for loss to the property insured while incumbered by any lien or mortgage.

The case was tried before the court without a jury and findings and judgment were entered in favor of appellee for the sum of $1,000.

The policy bore date June 11, 1925, and appellee sustained the loss of his car by theft on January 26, 1926. On March 23, 1926, appellee delivered to appellant's agent affidavit or proof of loss in which appellee stated that at the time of such loss by theft there was no other insurance on said automobile and that the said automobile belonged to appellee, and that there was a mortgage in the sum of $600 on said car payable to Isaac Mills, of Eldorado, Illinois.

No propositions of·law were submitted to the trial court and the errors assigned are that the judgment of the court is not supported by the law and the evi-

dence, and that the court erred in admitting improper evidence for appellee and in refusing to admit proper evidence for appellant. There was offered in evidence on behalf of appellee his affidavit or proof of loss containing the statement that there was a mortgage of $600 on the car payable to one Isaac Mills. Also appellee introduced in evidence the original chattel mortgage and note covering the same, bearing date November 28, 1925, mortgaging the car in question, which mortgage was recorded the day of its date in the recorder's office of Saline county. Appellee testified that the note and chattel mortgage were executed by him on the day that they bore date and that both of said instruments were delivered back to him by Isaac Mills either the same day or the day after the mortgage was recorded and that they have been in appellee's possession ever since; that he received nothing from Mills, the morgtagee, for the note and mortgage and that there was no consideration given or received by him at the time of or after the making of the mortgage. On the trial appellee testified that the mortgagee, Mills, was in Detroit but that his exact whereabouts were unknown. Some time after the cause had been tried by the trial court, and while the same was pending under advisement, appellee filed an affidavit that he had learned where Isaac Mills could be located and filed a motion requesting that he be permitted to introduce the testimony of said Isaac Mills, to which motion appellant objected and the court refused the offer of appellee to produce Mills as a witness.

The only evidence offered by appellant other than the record of the chattel mortgage was the testimony of one witness concerning the value of the car at the time it was stolen.

Appellant contends that the giving of the purported chattel mortgage by appellee to Isaac Mills, together with the recording thereof in the recorder's office, are

in violation of the terms of the policy and render the same null and void, and that it is wholly immaterial as to whether or not it was a valid and enforceable mortgage.

A policy is not as a general rule invalidated unless the incumbrance placed on the property is a valid and subsisting lien. If the instrument is inoperative or incomplete, as for want of unconditional delivery, the condition is not broken, since no real incumbrance has been created. 26 Corpus Juris, page 246, sec. 309. The principle of the foregoing citation from the text of Corpus Juris was considered at length by our Supreme Court in the case of *Commercial Union Assurance Co. v. Scammon,* 126 Ill. 355 (365), and it was there held, quoting from *Orrell v. Hampden Fire Ins. Co.,* 13 Gray 431, that to constitute a breach of a condition of insurance relating to the conveyance of property there must be an *actual* sale or transfer of the property *valid* as between the parties.

In view of the undisputed evidence on the part of appellee that there was no consideration for the mortgage in question and that immediately after the making thereof the original mortgage and note were surrendered to appellee, we are of the opinion that the trial court would be warranted in finding that there was no valid and subsisting lien either at the time of the giving of the mortgage or at the time of the loss of appellee's car.

Appellant next contends that appellee, by reason of the making of the statement in the proof of loss that there was a mortgage in the sum of $600 on said car payable to one Isaac Mills, is now estopped to assert the falsity of his own statement. Further, that the insurance company was justified in relying upon the sworn statement of appellee at the time it was submitted; that the conduct of appellee in this behalf amounted to an attempted fraud and false swearing

which, in legal effect, voided his policy and in support of this contention appellant cites 26 Corpus Juris, page 381, sec. 491, as follows: "If the insurer has been misled by, or has changed its position in reliance on, statements in the notice or proofs of loss, insured is estopped from questioning their truthfulness." The record does not show that appellant was misled in any way by the statement made by appellee in his proof of loss or that it has in any manner changed its position in reliance on the statement made by appellee. The most that can be said concerning the statement made by appellee is to the effect that there was, at one time, a mortgage on the property in question and appellant previous to the trial had ample notice that appellee claimed that it was not a valid and subsisting lien on the property in question either at the time of the making thereof or at the time of the loss. The same section of Corpus Juris above referred to, cited by appellant, also announces the rule that by the weight of authority unless the statements are fraudulently made or the facts are such as to estop him from disputing them, the insured is not conclusively bound by statements in the notice or proofs of loss, and that any statement in the proofs tending to show breach of warranty may be overcome by proof that there was no breach of warranty in fact. In *Birmingham Fire Ins. Co. v. Pulver,* 126 Ill. 329, it was held that sworn statements of the assured in his proofs of loss will not estop him but that in a suit on the policy he may give evidence of the actual amount of his loss and recover accordingly.

Appellant contends that the trial court erred in admitting evidence to the effect that there was no consideration for the alleged mortgage, for the reason that there was no issue made concerning the alleged want of consideration by the pleadings. The record shows that the objection now made was not made at the time of the trial. On the trial appellant objected on the ground

that the recording of the chattel mortgage took care of the matter of consideration and that it was immaterial as to what the consideration actually was.

We are of the opinion that the findings and judgment of the trial court were supported by the law and the evidence and accordingly the judgment of the trial court is affirmed.

*Affirmed.*