234

First State Bank of Shannon, Appellee, v. Anna I. Harter, Appellant.

Gen. No. 9,417.

Opinion filed August 18, 1939.

S. D. CROWELL, of Oregon, for appellant.

R. M. EATON, of Mt. Carroll, for appellee.

Mr. Justice Huffman delivered the opinion of the court.

This appeal arises from a trial of the rights of property. Boyd Kreamer was the owner of an automobile upon which appellee bank held a chattel mortgage to secure his note in the sum of $300. Kreamer had an accident with this automobile in which the same was badly wrecked. Following the wrecking of the car, he went to the Shindle Motor Company and purchased a new automobile. He states he traded the old car in on the new one. It does not appear how much trade-in allowance was given him on the old car in the purchase of the new, nor does it appear how much he paid for the new one. At any rate, he received a clear bill of sale for the new car from the motor sales company, and upon such bill of sale, he made application to the secretary of State for license and certificate of title for the new automobile. This application was made under oath and discloses that there were no liens on the car. Upon such application, the secretary of State issued license and certificate of title to Kreamer for the new car, disclosing him to be the owner, that no liens existed thereon, and that he had been duly registered in the office of secretary of State as the lawful owner of the automobile, free from any lien.

After his purchase of the new car, Kreamer went to appellee bank where the bank issued to him a conditional sales contract for the purchase of same, which contract he signed under the designation of purchaser. At the same time it took from him an extended form of note for $300, such as is common to conditional sales contracts. Each instrument fully identified the other.

Appellant was a judgment creditor of Kreamer, and after his purchase of the new car, caused execution to issue upon which the sheriff made levy. This trial thereafter ensued between appellee bank as claimant and appellant as judgment creditor. The trial court found the issues for the bank.

The Uniform Sales Act (ch 121½, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 121.05 *et seq.*]), with reference to conditional sales contracts, clearly indicates that it is intended to operate as between the seller and the buyer of goods. The word "seller" as used in the act denotes ownership of the goods sold in the person making the sale, or an authority and power in such person to make the sale for the true owner of the goods sold (sec. 23 of act [Jones Ill. Stats. Ann. 121.27]). This conditional sales contract contained the usual and customary title retention clause. Title cannot be retained in one in whom title never existed. It is the purpose and intent of the law in providing for conditional sales contracts to protect the rights of the seller in the property sold. It is not within the intent or contemplation of the act that such contracts shall supplant or assume the legal identity of chattel mortgages. They are separate and distinct instruments and governed by separate and distinct acts. The bank claims that its lien on the first automobile is carried over to the new automobile. We are not here concerned with rights of the bank as between it and Kreamer. The bank could not well sell or convey what it did not own. Kreamer received a clear bill of sale for the car from the retail dealer. It was upon this instrument, together with his application to the secretary of State, that he received his certificate of title for the automobile.

The two prime essentials of a conditional sale are that the title to the goods sold must be retained in the seller, and that payment of the purchase price, or some part of it, is to be made at stated time or times in the future, whereupon the title *ipso facto* will pass to the buyer. Whatever the form given the promise to pay may be, it is obvious that it has its origin with and is a part of the contract of sale. With respect to Kreamer's indebtedness to the bank, it had its remedy upon the chattel mortgage on the old car and against him upon the note. We do not consider the bank to be such a seller of the automobile in question as contem-

plated by the conditional sales act, nor that by virtue of such act, it could, as a creditor of Kreamer, execute such an instrument as it did in this case, and thus defeat appellant's rights.

Judgment of the county court is reversed and judgment entered in this court for appellant, finding that the right of property in dispute is in her. Judgment here against appellee claimant for costs in this court and in the trial court.

*Judgment reversed and judgment entered in this court.*