Irvin E. Ellrod, Also Known as E. I. Ellrod, for use of Alvin Bernstein, Appellee, v. Merchants Fire Insurance Company of Denver, Colorado, Appellant.

Gen. No. 9,349.

at the October term, 1942. Heard in this court Opinion filed October 29, 1942.

MANN & STIFLER, of Danville, and ASA S. CHAPMAN, of Champaign, for appellant.

O. L. BROWDER and GREEN & PALMER, all of Urbana, for appellee.

MR. JUSTICE HAYES delivered the opinion of the court.

This is an appeal from a judgment rendered against the Merchants Fire Insurance Company of Denver, Colorado, as a garnishee, in favor of Irvin E. Ellrod for the use of Alvin Bernstein, in the sum of $697.51. Bernstein is the assignee of a judgment which the re-

ceiver of the Urbana Banking Company had obtained against Irvin E. Ellrod on which judgment an execution was issued and returned "no property found." Bernstein then filed a suit in garnishment in the name of Ellrod, nominal plaintiff, for his own use against the defendant insurance company in the circuit court of Champaign county.

It appears from the record that on December 16, 1935 Irvin E. Ellrod was the owner of a tavern, and on that day mortgaged the furniture and fixtures located therein to his brother-in-law L. B. Walton to secure sixteen hundred dollars. Three years later to the day (December 16, 1938), the chattel mortgage became due and Ellrod and Walton met to consider the matter. At that time Ellrod had paid off five hundred dollars, leaving the balance due of eleven hundred dollars. Walton testified that he considered the chattel mortgage outlawed at the end of three years and gave it back to Ellrod and took what he called a conditional sales contract. There was nothing disclosed by the evidence that Walton ever foreclosed his chattel mortgage or took possession of the chattels. The evidence, to the contrary, shows that during all this time Ellrod was in the actual possession of the furniture and fixtures. On October 22, 1940 Ellrod obtained a fire insurance policy from the defendant upon the chattels in question which policy contained the following provisions: 1. "This entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof; or in case of any fraud or false swearing by the insured, touching any matter relating to this insurance or the subject thereof, whether before or after a loss." 2. "This entire policy shall be void unless otherwise provided by agreement in writing added hereto, (a). if the interest of the insured be other than unconditional and sole ownership." 3. "Unless otherwise provided by agreement in writing

added hereto, this company shall not be liable for loss or damage to any property insured hereunder while incumbered by a chattel mortgage." On March 25, 1941 a fire occurred at the tavern operated by Ellrod, and the property in question was destroyed. Ellrod and an adjuster for the insurance company agreed on the amount of the loss as being $697.51. Ellrod filed a proof of loss with the adjuster in that amount verified by his affidavit. The defendant claims it is not liable on the policy because Ellrod was not the sole and unconditional owner of the property insured, and that the property was subject to the chattel mortgage of Walton or to a lien created by the conditional sales contract which was taken in lieu of the chattel mortgage.

The only evidence in the case on the question of the existence of a chattel mortgage during the life of the insurance policy is the testimony of Walton to the effect that at the end of three years he surrendered the chattel mortgage to Ellrod and considered it outlawed. This was at a time several months prior to the issuance of the fire insurance policy in question. What Walton calls a conditional sales contract seems to be an instrument that was on a printed form to be used for the time payment sales, which recites L. B. Walton, seller, and I. E. Ellrod, purchaser, itemizing the chattels "for $1100.00 on or before delivery, leaving a Deferred Balance of $1100.00 payable at the office of L. B. Walton, Mayview, Illinois, in no equal successive monthly installments on the same day of each month and commencing one month from the date hereof." It then contains several pages of printed matter. From reading the instrument it is apparent that the parties simply took a printed form of conditional sales contract, attempted to fill it out, and made a bad job of it. The circumstances surrounding these two men at the time they executed this instrument show that the prior chattel

mortgage by agreement of both of them was surrendered and terminated. There was still $1,100 due to Walton from Ellrod. They did not go to a lawyer. They were friendly and attempted to handle the matter themselves. Ellrod was in possession of the chattels as owner, and Walton desired security and an acknowledgment of the debt from Ellrod. Walton was not the owner of the chattels in question at the time of the execution of the purported conditional sales contract, and had never been in possession of the same.

The instrument is lacking in the necessary essentials to make it a valid conditional sales contract. It fails to provide a definite time for the payment of the purchase price and when the title would pass from the vendor to the vendee. It is also fatally defective by reason of the fact that Walton, the purported vendor, did not have title to the property at the time of its execution. Walton could not sell what he did not own. *First State Bank of Shannon v. Harter,* 301 Ill. App. 234.

We cannot hold that this instrument created such a lien on the property in question as would cause a forfeiture of the fire insurance policy. It appears that the insurance company collected the premium. There is no claim that the fire or the loss resulting was other than an honest one. An invalid or void instrument does not constitute such an incumbrance as is defined in the language of the policy to cause a forfeiture. *Fuller v. Maryland Ins. Co.,* 254 Ill. App. 248.

For the reasons set out herein the judgment of the circuit court of Champaign county is affirmed.

*Judgment affirmed.*